UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**SANTOS F. BONILLA,**

vs.

**SIMON WAINWRIGHT, WARDEN.**

No. 10-Cv-224-RMU

**SUPPLEMENTAL OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**

In its Motion to Dismiss Petitioner Santos F. Bonilla's Petition the government, relying on D.C. Code § 23-110(g), argued that Mr. Bonilla did not demonstrate that § 23-110 provided an inadequate means of challenging the constitutionality of his conviction and sentence in the District of Columbia courts.

In making that argument the government failed to acknowledge the determination by Congress and the U.S. Supreme Court that non-federal procedures for collaterally attacking criminal convictions are inherently inadequate to fully protect defendants' rights under the U.S. Constitution. *Williams v. Taylor*, 529 U.S. 362, 378 – 9 (2000). The right to review by an Article III court is an essential element of federalism.

When Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 amending 28 U.S.C. § 2254 it specifically rejected an amendment to § 2254(a) submitted by Sen. John Kyl that read:

> Notwithstanding any other provision of law, an application for a writ of *habeas corpus* in behalf of a person in custody pursuant to a judgment or order of a State court shall not be entertained by a court of the United States unless the remedies in the courts of the State are inadequate or ineffective to test the legality of the person's detention.

141 Cong. Rec. 14991 (1995). That amendment would have imposed on defendants convicted in state and territorial courts the same restriction on federal *habeas* review that § 23-110(g) imposes on defendants convicted in D.C. Superior Court.

Sen. Arlen Specter, one of the chief proponents of the AEDPA, opposed the change, saying "dealing with the question of jurisdiction of the Federal courts to entertain questions on Federal issues, on constitutional issues, I believe it is necessary that the Federal courts retain that jurisdiction as a constitutional matter." *Id.* at 15050. Congress "roundly rejected" the stricter standard Sen. Kyl proposed. *Williams, supra*, at 379 n. 10.

In *Williams, supra*, Justice Stevens wrote,

> The inquiry mandated by the amendment relates to the way in which a federal *habeas* court exercises its duty to decide constitutional questions; the [AEDPA] does not alter the underlying grant of jurisdiction in § 2254(a).… When federal judges exercise their federal-question jurisdiction under the "judicial Power" of Article III of the Constitution, it is "emphatically the province and duty" of those judges to "say what the law is." … At the core of this power is the federal courts' independent responsibility — independent from its coequal branches in the Federal Government, and independent from the separate authority of the several States — to interpret federal law. A construction of AEDPA that would require the federal courts to cede this authority to the courts of the States would be inconsistent with the practice that federal judges have traditionally followed in discharging their duties under Article III of the Constitution.

*Id.* at 378 – 9 (citations omitted).

If this Court were to dismiss Mr. Bonilla's Petition merely because it believes § 23-110 provided an adequate remedy it would be ceding its authority in derogation of the duty Article III imposes. It would be making the D.C. Superior Court and the D.C. Court of Appeals the final arbiters of how the U.S. Constitution applies to criminal defendants in the District of Columbia. It would give judges of the Superior Court and the Court of Appeals a power Congress and the Supreme Court have firmly denied to judges of the 50 states and federal territories.

The government may argue that when defendants convicted in territorial courts challenge their convictions under § 2254 they do so in territorial district courts, which are not Article III courts. *See Petitioner's Opposition*, 5 – 7 & n. 2. But each territory's district court is within the jurisdiction of a federal circuit, and a defendant may appeal denial of a *habeas* petition by the District Court to the appropriate Circuit Court of Appeals. 28 U.S.C. § 2253. If the Court of Appeals finds that the record on appeal is inadequate it can remand the case to the District Court with instructions to hold an evidentiary hearing, to make findings, or to augment the record. *See,*

e.g. *Rudenko v. Costello*, 322 F.3$^d$ 168, 170 (2$^d$ Cir. 2008); *Alburquerque v. Bara*, 628 F.2$^d$ 767, 775 (2$^d$ Cir. 1980). The appellate court may retain jurisdiction to act on the Petition after remand. Finally, the defendant may request review by the Supreme Court on *certiorari*.

The legislative history of § 2254 and the Supreme Court's interpretation of the statute in *Williams, supra*, demonstrate that the U.S. Constitution guarantees all criminal defendants, whether convicted in the courts of D.C., the states or territories, the opportunity to present to Article III courts their claims that their convictions are unconstitutional.

Whether Mr. Bonilla or any other defendant convicted in D.C. Superior Court is confined in violation of the laws or Constitution of the United States is a question squarely within the jurisdiction of this Court notwithstanding § 23-110(g).

## **CONCLUSION**

For the reasons stated above and in his Opposition to the government's motion, and any others that may appear to the Court, Petitioner Santos F. Bonilla respectfully requests that the Court deny the government's motion to dismiss the Petition, vacate his conviction and sentence, and release him from custody.

Respectfully submitted,

Robert S Becker, Esq.
D.C. Bar No. 370482
PMB #155
5505 Connecticut Avenue, N.W.
Washington, D.C. 20015
(202) 364-8013
Attorney for Santos F. Bonilla
(*Appointed by the Court*)

**CERTIFICATE OF SERVICE**

I, Robert S Becker, counsel for Santos F. Bonilla, certify on December 28, 2010 that Asst. U.S. Attorney Mary Ann Snow is a registered user of the Court's CM/ECF system and will receive service electronically.

                                                Robert S Becker