UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANTOS F. BONILLA,                )<br>                                             )<br>            Petitioner,               )<br>                                             )<br>     v.                                       )<br>                                             )<br>SIMON WAINWRIGHT,           )<br>Warden,                                  )<br>D.C. Central Detention Facility  )<br>                                             )<br>            Respondent.              )<br>                                             ) | Civil Action No. 10-cv-0224 (ABJ) |

## MEMORANDUM OPINION

Petitioner Santos F. Bonilla, a prisoner at the D.C. Central Detention Facility ("D.C. Jail"), filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 to vacate a conviction and sentence imposed by the Superior Court for the District of Columbia. Respondent Simon Wainwright, warden at the D.C. Jail, has moved to dismiss petitioner's request for lack of jurisdiction. For the reasons stated below, the motion to dismiss will be granted.

## BACKGROUND

On March 27, 1998, petitioner was arrested and charged with second-degree murder while armed, in violation of D.C. Code law. Pet. at 2.[1] After a jury trial in D.C. Superior Court, he was found guilty of first-degree murder while armed (premeditated) and conspiracy to assault and commit murder. *Id.*; Respondent's Motion to Dismiss ("Resp.'s Mot. Dismiss") at ¶ 4. The trial court judge sentenced petitioner to a term of imprisonment of thirty years to life for the first-

---

1   Because the petition for writ of habeas corpus does not include numbered paragraphs, the Court will cite to the page number.

degree murder and a concurrent term of twenty to sixty months on the conspiracy offense. Pet. at 2.

Petitioner filed a motion for a new trial on November 5, 2001, claiming that there was newly-discovered evidence that the prosecutor had coerced a government witness, Hugo Aleman, to testify falsely in the grand jury about petitioner's involvement in the crime. Pet. at 2. Petitioner also claimed that the prosecutor withheld exculpatory evidence concerning Aleman's intoxication at the time of the offense and his prior contradictory statements about the crime. *Id.* Following an evidentiary hearing on petitioner's claims, the trial court denied his motion for a new trial on October 10, 2002. *Id.*[2]

On appeal in February 2005, the government disclosed exculpatory information regarding another key government witness, Rosa Garcia, in an oral argument in the D.C. Court of Appeals. Pet. at 3. Petitioner then filed a motion under section 23-110 of the D.C. Code ("section 23-110 motion"), asking the Superior Court to vacate his conviction. *Id*. Petitioner's motion was based on evidence that Garcia had provided a fake Social Security number and passport to the government when she sought admittance to the witness protection program. *Id*. Petitioner also argued that the government failed to disclose its agreement with Garcia in exchange for her testimony, which allegedly included not prosecuting her for any crimes and not notifying Immigration and Naturalization Services that she was living in the United States illegally. *Id*. After an evidentiary hearing, the D.C. Superior Court found that there was no such agreement,

---

2    The court found that the witness's grand jury testimony – in which he both advanced the prosecution's case, but also was unable to provide many details that would have been helpful to the government – was more credible than his blanket recantation, in which he claimed that all aspects of his grand jury testimony – including the parts where he testified that he had <u>not</u> seen something – were false. *See* Resp.'s Mot. Dismiss at 6, citing Pet. at Ex. S, *United States v. Bonilla*, Crim. Nos. F-2332-98, at 7–8 (D.C. Sup. Ct. Oct. 10, 2002). The court also noted that during the trial, the witness had been cross-examined about both his drinking and his prior inconsistent statements. *Id*. at 8.

and it denied the section 23-110 motion on September 1, 2006. *United States v. Bonilla*, Crim. Nos. F-2332-98, slip op. at 22 (D.C. Sup. Ct. Sept. 1, 2006); *see also* Pet. at Ex. EE. Petitioner appealed this decision. Pet. at 3.

The D.C. Court of Appeals consolidated his appeal on the 23-110 motion with the direct appeal. Pet. at 3. On March 26, 2009, the court held that the trial judge gave constitutionally deficient instructions as to aiding and abetting first-degree murder but found there was sufficient evidence to convict petitioner of second-degree murder. The court remanded the case to the Superior Court. *Id.* The Court of Appeals also held that the prosecutor abused the grand jury's subpoena power and suppressed exculpatory evidence but that those errors did not prejudice the petitioner. *Id.*

The Court of Appeals denied his petition for rehearing *en banc*, and the U.S. Supreme Court denied *certiorari*. Pet. at 3. Petitioner was resentenced in D.C. Superior Court on December 11, 2009, to concurrent prison terms of 18 years to life for second-degree murder and 20 to 60 months for conspiracy. *Id.* Petitioner filed this petition for writ of habeas corpus on February 16, 2010, asking the Court to vacate his conviction and the sentence imposed by the D.C. Superior Court.

## STANDARD OF REVIEW

In evaluating a motion to dismiss, the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (citations omitted). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are

unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002).

When considering a motion to dismiss for lack of jurisdiction, plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibly Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with examination of our jurisdiction."). Because "subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

Moreover, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint . . . ." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, a court "may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000). *See, e.g.*, *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## ANALYSIS

I.   **The Court Considers Petitioner a State Prisoner.**

Petitioner filed this petition for writ of habeas corpus under 28 U.S.C. § 2241, the federal law generally governing petitions for writs of habeas corpus in federal court. *See* Pet. at 1. However, "[t]he D.C. Circuit has consistently held that when considering a writ of habeas corpus, a prisoner of the District of Columbia is considered a State prisoner, when the prisoner is held under a conviction of the D.C. Superior Court." *Banks v. Smith*, 377 F. Supp. 2d 92, 94 (D.D.C. 2005), citing *Garris v. Lindsay*, 794 F.2d 722 (D.C. Cir. 1986); *see also Madley v. U.S. Parole Comm'n*, 278 F.3d 1306, 1308–1310 (D.C. Cir. 2002) (concluding that "a court of the District of Columbia is a state court" for purposes of federal habeas cases); *Milhouse v. Levi*, 548 F.2d 357, 360 n.6 (D.C. Cir. 1976) (same). Because petitioner is in custody pursuant to a judgment of the D.C. Superior Court, which is the equivalent of a state court in a habeas proceeding, the Court will construe the petition as brought under 28 U.S.C. § 2254, the federal law governing petitions for writs of habeas corpus filed in federal courts by state prisoners. *See Williams v. Apker*, --- F. Supp. 2d ---, Civ. No. 10-0522, 2011 WL 118497, at *6 n. 1 (D.D.C. Mar. 28, 2011); *Banks*, 377 F. Supp. 2d at 94. [3]

---

3   Petitioner argues that his petition is properly brought under section 2241 because "[s]ection 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging . . . the execution of his sentence." Petitioner's Opposition to Respondent's Motion to Dismiss ("Pet.'s Opp.") at 2, citing *Coady v. Vaugh*, 251 F.3d 480, 485 (3d Cir. 2001). But section 2241 does not afford a remedy in this case for two reasons. First, the law is clear that petitioner is considered to be a state prisoner and not a federal prisoner. Second, a number of circuits have held that motions challenging the "execution of sentence" pursuant to section 2241 relate to the "the manner, location, or conditions" of the sentence, and not the fairness of the trial. *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 242 (3d Cir. 2005), quoting *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). *See also Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) ("A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison

## II. Petitioner Fails to Show that D.C. Code § 23-110 is an Inadequate or Ineffective Remedy.

Petitioner seeks habeas relief challenging his conviction and sentence on two grounds: he claims that (1) his Sixth Amendment rights were violated by the trial court's admission of a co-defendant's confession in their joint trial, *see* Pet. at 1, 33–40; and (2) that the government withheld exculpatory evidence and information concerning a key witness's intoxication and prior contradictory statements about the crime. Pet. at 1, 40–53. Respondent has moved to dismiss petitioner's claims, arguing that they have been fully litigated and rejected by the D.C. Superior Court and the D.C. Court of Appeals, and that petitioner has failed to establish that D.C. Code § 23-110 is an ineffective or inadequate remedy by which to challenge his convictions. Resp.'s Mot. Dismiss at 2.

A claim for habeas relief under Section 2254 requires a petitioner to meet certain pleading thresholds. *See* 28 U.S.C. § 2254(b)(1); D.C. Code § 23-110(g).[4] Specifically, D.C. law provides that a federal court may not consider a habeas petition unless the local remedy is "inadequate or ineffective" to test the legality of the detention. D.C. Code § 23-110(g).[5] *See*

---

transfers, type of detention and prison conditions."); *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) ("[A]n attack, focusing on where [the prisoner's] sentence will be served, seems to fit better under the rubric of § 2241.") Despite petitioner's claim that he is challenging the execution of his sentence, he does not allege any of the above and therefore cannot proceed under section 2241.

4   Section 23-110 of the D.C. Code sets forth the relationship between federal habeas review under section 2254 and the remedies for petitioners in the District of Columbia, commonly referred to as "local remedies." D.C. Code § 23-110(g).

5   "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g).

*also Swain v. Pressley*, 430 U.S. 372, 381, 384 (1977) (stating that section 23-110 includes an "unequivocal statutory command" to federal courts not to entertain a petition for habeas relief unless it appears that the remedy under section 23-110 is inadequate or ineffective); *Byrd v. Henderson*, 119 F.3d 34, 36–37 (D.C. Cir. 1997) (internal footnote omitted) (holding that a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is "inadequate or ineffective to test the legality of his detention."). A remedy is inadequate or ineffective if it deprives a defendant of "any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Smith*, 285 F.3d 6, 8 (D.C. Cir. 2002), quoting *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

In the District of Columbia, the local remedy available to a prisoner is a motion under section 23-110(a) of the D.C. Code, which provides that "[a] prisoner in custody under sentence of the Superior Court claiming the right to be released . . . may move the court to vacate, set aside, or correct the sentence." D.C. Code § 23-110(a). If a prisoner is unsuccessful in raising a claim through a section 23-110 motion, that does not automatically render the remedy inadequate or ineffective. *See Byrd*, 119 F.3d at 38; *see also Plummer v. Fenty*, 321 Fed. App'x 7, 8 (D.C. Cir. 2009) ("The § 23-110 remedy . . . is not considered inadequate or ineffective simply because the requested relief has been denied."); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) ("It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . .").

Petitioner did pursue the local remedy available to him by filing a section 23-110 motion in June 2005. The trial court denied his motion after holding an evidentiary hearing, and its determination was upheld by the D.C. Court of Appeals. Pet. at 3. In his current habeas petition

before the Court, petitioner recites the facts he included in his section 23-110 motion, including the information about Rosa Garcia's alleged agreement with the government and her use of a false social security number and passport. But he does not contend that the trial or appellate post-conviction proceedings in the D.C. courts were inadequate or ineffective in any way. Pet. 3, 24–32 (detailing the evidence petitioner included in his section 23-110 motion and that the trial court heard at its hearing on the motion). Indeed, the entire thrust of his opposition to the motion to dismiss is that he does not have to address this issue.[6]

In the absence of any argument or allegation that the 23-110 motion was an inadequate or insufficient means for testing the legality of the conviction, this Court lacks subject matter jurisdiction over this case. *See Swain*, 430 U.S. at 378 (holding that a D.C. prisoner has no recourse to a federal habeas court unless the local remedy is inadequate or ineffective); *Byrd*, 119 F.3d at 36 (same).

## III.    Petitioner Fails to Overcome the Jurisdictional Bar.

Where a petition for a writ of habeas corpus is otherwise barred, a petitioner may obtain relief if "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup v. Delo*, 513 U.S. 298, 327 (1995), quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *see also Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986) (requiring federal courts to entertain successive habeas petitions "only where the prisoner supplements his constitutional

---

6    Instead of addressing the adequacy or sufficiency of the 23-110 motion, petitioner argues that "the District Court should view him as it would any person convicted in the courts of a state or U.S. territory." Pet.'s Opp. at 3. The Court agrees and, for that precise reason, has construed his habeas petition as brought under 28 U.S.C. § 2254, as other district courts have done in cases where state prisoners bring habeas claims under the wrong statute. *See Brennan v. Wall*, 100 Fed. App'x 4, at *1 (1st Cir. 2004), affirming 2010 WL 256582 (D. R.I. 2010) (treating section 2241 claim as a section 2254 claim).

claim with a colorable showing of factual innocence."). Actual innocence requires means factual innocence, not legal sufficiency. *See Bousley v. United States*, 523 U.S. 614, 623–24 (1998). "[A] petitioner must produce 'new reliable evidence . . . that was not presented at trial.'" *Eastridge v. U.S.*, 372 F. Supp. 2d 26, 34 (D.D.C. 2005), quoting *Schlup*, 513 U.S. at 324. In light of all the evidence, the petitioner must demonstrate that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.*, quoting *Schlup*, 513 U.S. at 327.

Petitioner challenges his conviction under the Fifth and Sixth Amendments of the U.S. Constitution and claims that he would have been found innocent if these alleged violations of his rights had not occurred. It is the conviction for second degree murder and conspiracy that is before this Court. But petitioner points to no new evidence that suggests that he was in fact innocent or that would support a finding that it is more likely than not that no reasonable juror would have found him guilty. While the evidence established that he played a more limited role in the beating and stabbing of the decedent than others, there were witnesses besides Aleman and Garcia who observed petitioner drive up to the scene of the ongoing beating, and who observed men armed with knives get out of his car. *Perez v. United States,* 968 A.2d 39, 58–64 (D.C. 2009). There was a witness other than Aleman or Garcia who testified that petitioner himself got out of the car. *Id.* And the evidence established that it was petitioner who drove the assailants away from the brutal stabbing. *Id*. at 103–106. Petitioner testified on his own behalf at trial, and the jurors had the opportunity to fully consider his exculpatory version of the events. While on direct, he denied knowing he was delivering armed men to the fray, he conceded on cross examination that he had told the police that he thought the men had their knives when they got into his car. *Id.* The Court finds no reason to reject the determinations made by the D.C.

9

Superior Court and the D.C. Court of Appeals, which reviewed the record of the trial in detail, expressly considered the new evidence petitioner asserts here, and determined that it did not undermine his conviction. *See Perez*, 968 A.2d at 58–64; 67–71.

## CONCLUSION

For the foregoing reasons, the Court will grant respondent's motion to dismiss. A separate order will issue.

                                                                                       /s/ Amy B. Jackson
                                                                                       AMY BERMAN JACKSON
                                                                                       United States District Judge

DATE: July 22, 2011