UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SANTOS F. BONILLA,** <br> vs. <br> **SIMON WAINWRIGHT,** <br> **WARDEN.** | No. 10-Cv-224 <br> Hon. Amy Berman Jackson |

# MOTION FOR CERTIFICATE OF APPEALABILITY

Petitioner Santos F. Bonilla, through undersigned counsel, respectfully requests, pursuant to 28 U.S.C. § 2253(c)(1)(A), that the Court issue a Certificate of Appealability so he may challenge the order entered July 22, 2011 dismissing his Petition pursuant to 28 U.S.C. § 2241 to vacate his conviction and sentence imposed by the Superior Court of the District of Columbia.

**STANDARD FOR ISSUING A CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253(c):

(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;
…
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

To establish a substantial showing of the denial of a constitutional right, the petitioner need only demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues

presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 120 S. Ct. 1595, 1603 – 4 (2000)(citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack, supra*, at 1600 – 1. The petitioner is not required to show that he should prevail on the merits. *Barefoot v. Estelle*, 463 U.S. at 893. This is the same showing previously required for a certificate of probable cause. *Slack v. McDaniel*, 120 S. Ct. at 1603.

### MR. BONILLA HAS MADE A SUBSTANTIAL SHOWING THAT HIS PETITION STATES A VALID CLAIM OF THE DENIAL OF A CONSTITUTIONAL RIGHT AND THAT DISMISSAL FOR LACK OF JURISDICTION DENIED HIM THE RIGHT TO EQUAL PROTECTION OF THE LAWS

Mr. Bonilla's § 2241 Petition asserted that the Trial Court's decision to admit testimony about a non-testifying codefendant's jailhouse confession violated Petitioner's Sixth Amendment confrontation right, because of the nature of the charges against Mr. Bonilla and the events the codefendant described to the testifying witness. *See, e.g., United States v. Glass*, 128 F.3$^d$ 1398, 1405 (10th Cir. 1997)(because relationship between defendants was so obviously important to prosecution, introduction in violation of *Bruton* not harmless beyond reasonable doubt); *Bruton v. United States*, 391 U.S. 123 (1968).

Petitioner argued as well that he was prejudiced by the government's multiple failures to disclose exculpatory evidence regarding two key prosecution

witnesses in violation of his Fifth Amendment right to due process of law. *Brady v. Maryland*, 373 U.S. 83 (1963). This violation of his constitutional rights was exacerbated by the prosecutor's abuse of the grand jury's subpoena power to compel witnesses to submit to coercive interrogation.

The Petition set out in great detail evidence related to the *Bruton* violation, rulings made by the Trial Court and the D.C. Court of Appeals, and precedent supporting Mr. Bonilla's assertion of a Sixth Amendment violation. Similarly, he provided detailed, non-conclusory evidence and argument demonstrating that the D.C. Court of Appeals faulted the government for withholding exculpatory evidence and for abusing the grand jury subpoena power, but failed to protect Mr. Bonilla's rights under the Fifth Amendment. In short, if the Court had assessed the Petition on its merits, it would have found that he has made a more than sufficient showing that rulings of the D.C. Court of Appeals in his direct appeal and the D.C. Superior Court on motions pursuant to D.C. Crim. R. 33 and D.C. Code § 23-110 violated his Fifth and Sixth Amendment rights.

In its Memorandum Opinion the Court gave no indication of how it would evaluate the merits of Mr. Bonilla's constitutional claims. Mr. Bonilla is entitled to a Certificate of Appealability because reasonable jurists could find that the Petition sufficiently stated a valid constitutional violation.

Because the Court dismissed Mr. Bonilla's Petition for lack of jurisdiction, not on its merits, the issue on appeal is this Court's interpretation of D.C. Code § 23-110, its relationship to federal *habeas* statutes, and precedent severely limiting access to federal court review by defendants convicted and sentenced in the Superior Court of the District of Columbia. Although Petitioner squarely raised his Fifth Amendment equal protection claim in opposition to the government's motion, this Court did not address it. Construing the Court's silence as a rejection

of Mr. Bonilla's argument, Petitioner asserts that reasonable jurists would find that decision debatable.

In its motion to dismiss the Petition the government argued, and the Court agreed, that Mr. Bonilla is a state prisoner who should have sought relief under 28 U.S.C. § 2254, not § 2241. In opposition, Mr. Bonilla argued that because Congress created the Superior Court and the D.C. Court of Appeals, under the plain language of § 2254 defendants convicted in Superior Court could not seek relief under that statute. Jurists of reason would debate the Court's finding that "[b]ecause petitioner is in custody pursuant to a judgment of the D.C. Superior Court, *which is the equivalent of a state court in a* habeas *proceeding*," he was required to proceed under § 2254. Memo Op., 5 (emphasis added).

In determining the scope of a statute the Court looks first to its language. "If the statutory language is unambiguous, in the absence of 'a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive.'" *United States v. Turkette*, 452 U.S. 576, 580 (1981)(quoting *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980)). The unambiguous language of § 2254 states that it applies to individuals "in custody pursuant to the judgment of a state court …," not to individuals "in custody under sentence of a court established by Act of Congress" that is treated for some purposes as the "equivalent of a state court." *See* 28 U.S.C. § 2255(a).

Jurists of reason would find debatable this Court's interpretation of § 2254 as permitting, and in fact requiring, a defendant convicted in D.C. Superior Court to invoke § 2254, rather than § 2241, to obtain federal *habeas* review of his conviction and sentence.

Having found that Mr. Bonilla was a state prisoner who had to proceed under § 2254, the Court implicitly concluded that only one of the routes available to defendants convicted in the courts of a state or a federal territory is available to

D.C. defendants. Under § 2254(b)(1) state and territorial defendants may obtain review by showing that

> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The Court said D.C. defendants, including Mr. Bonilla, must satisfy § 2254(b)(1)(B)(ii), in addition to exhausting all available state remedies.

In his Opposition to the government's motion to dismiss, Mr. Bonilla demonstrated that since the U.S. Supreme Court decided *Swain v. Pressley*, 430 U.S. 372, 376 (1977), Congress has made both routes under § 2254(b)(1) available to defendants convicted in territorial courts, as well as to state defendants. In other words, only D.C. defendants and federal defendants filing second or successive petitions raising the same issues are held to the much more stringent § 2254(b)(1)(B) standard.

In reaching this conclusion the Court failed to address, and at least implicitly rejected, Petitioner's argument in his Supplemental Opposition that state *habeas* proceedings are inherently inadequate to ensure that all defendants have the same constitutional protection, no matter the jurisdiction in which they have been convicted. *Williams v. Taylor*, 529 U.S. 362 (2000).

> The inquiry mandated by the amendment [to the AEDPA] relates to the way in which a federal *habeas* court exercises its duty to decide constitutional questions; the [AEDPA] does not alter the underlying grant of jurisdiction in § 2254(a).… When federal judges exercise their federal-question jurisdiction under the "Judicial Power" of Article III of the Constitution, it is "emphatically the province and duty" of those judges to "say what the law is." … At the core of this power is the federal courts' independent responsibility — independent from its coequal branches in the Federal Government, and independent from the separate authority of the several

> States — to interpret federal law. A construction of AEDPA that would require the federal courts to cede this authority to the courts of the States would be inconsistent with the practice that federal judges have traditionally followed in discharging their duties under Article III of the Constitution.

*Id.* at 378 – 9 (citations omitted). The Supreme Court added,

> the statute directs federal courts to attend to every state-court judgment with utmost care, but it does not require them to defer to the opinion of every reasonable state-court judge on the content of federal law. If, after carefully weighing all the reasons for accepting a state court's judgment, a federal court is convinced that a prisoner's custody — or, as in this case, his sentence of death — violates the Constitution, that independent judgment should prevail. Otherwise the federal "law as determined by the Supreme Court of the United States" might be applied by the federal courts one way in Virginia and another way in California. In light of the well-recognized interest in ensuring that federal courts interpret federal law in a uniform way, we are convinced that Congress did not intend the statute to produce such a result.

*Id.* at 389 – 90 (footnote omitted).

Not only does this case call into question whether this Court's ruling and prior Circuit precedent deprive Mr. Bonilla of equal protection, but in light of *Williams*, jurists of reason might conclude that§ 23-110(g) is facially unconstitutional because it violates separation of powers principles. In other words, if the federal courts are duty-bound to ensure that state courts properly and uniformly apply the Constitution, Congress cannot pass a law like § 23-110(g) that ousts the federal courts of their power under Article III to fulfill that obligation.

## CONCLUSION

The Court should grant a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c) because Mr. Bonilla has made a substantial showing that his constitutional rights were violated and that he has exhausted all available remedies under District of Columbia law. In addition, reasonable jurists in the D.C. Circuit

and other federal circuits could debate the correctness of this Court's dismissal of the Petition for lack of jurisdiction.

                              Respectfully submitted,

                              Robert S Becker, Esq.
                              D.C. Bar No. 370482
                              PMB #155
                              5505 Connecticut Avenue, N.W.
                              Washington, D.C. 20015
                              (202) 364-8013
                              Attorney for Santos F. Bonilla
                              (*Appointed by the Court*)

## CERTIFICATE OF SERVICE

I, Robert S Becker, counsel for Santos F. Bonilla, certify on July 27, 2011 that Asst. U.S. Attorney James Sweeney is a registered user of the Court's CM/ECF system and will receive service electronically.

                              Robert S Becker